# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE (CHATTANOOGA)

IN RE:

| | |
|---|---|
| **BARBARA SUE ARMOUR MORGAN** ) | Case No. 1:18-bk-13970-SDR |
| Debtor. ) | Chapter 7 |

## MOTION OF SPECIALIZED LOAN SERVICING, LLC FOR RELIEF FROM AUTOMATIC STAY AND/OR ADEQUATE PROTECTION

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **NOTICE IS HEREBY GIVEN THAT:**
> **Pursuant to E.D. TENN. Local Rule 9013-1(h), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the court at United States Bankruptcy Court, Historic U.S. Courthouse, 31 East 11th Street, Chattanooga, Tennessee 37402, an objection within fourteen (14) days from the date this paper was filed and serve a copy on the movant's attorney, Anthony R. Steele, P.O. Box 2428, Knoxville, TN 37901. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.**
>
> **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

COMES **SPECIALIZED LOAN SERVICING, LLC, as servicer for Wilmington Savings Fund Society, FSB, DBA Christiana Trust, not in its individual capacity, but solely in its capacity as Owner Trustee for WF 19 Grantor Trust** (hereinafter "Secured Party") by and through counsel, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014, E.D. Tenn. LBR 4001-1(a) and 9013-1, and 11 U.S.C. §362, and says as follows:

1. This Court has jurisdiction and authority to determine this matter pursuant to the aforesaid rules and statutes.

2. The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on August 31, 2018.

3. As of December 4, 2018, Secured Party is owed $12,820.70, subject to additional interest and attorney's fees pursuant to 11 U.S.C. §506.

4. The claim of Secured Party is secured by the Debtor's real property generally known as **607 St. Marks Avenue, Chattanooga, Hamilton County, TN** (hereinafter referred to as the "Collateral").

5. A copy of the Disclosure, Note and Security Agreement and subsequent Adjustment of Terms Agreement evidencing the underlying obligation due and owing by the Debtor to Secured Party is attached hereto and incorporated herein by reference as **Exhibit A**.

6. A copy of the Deed of Trust noting the lien on the Collateral is attached hereto and incorporated herein by reference as **Exhibit B.**

**7.** A copy of the right to Foreclose Statement is attached hereto and incorporated herein by reference as **Exhibit C.**

8. Secured Party alleges that the fair market value for the Collateral is not more than $78,900.00 as listed in the Debtor's schedules, subject to inspection and appraisal.

9. Secured Party alleges and asserts pursuant to 11 U.S.C. §362(d)(2) that there is no equity in the Collateral above the claims asserted and the same is not necessary for an effective reorganization of the Debtor.

9. Secured Party further alleges and asserts that an Order for relief from the automatic stay should be granted pursuant to 11 U.S.C. §362(d)(1) **FOR CAUSE** due to the default of the Contract by reason of non-payment. The account is due for the June 1, 2018,

installment payment and each subsequent monthly installment due in the total amount of $910.00.  The Debtor intends to surrender the Collateral.

WHEREFORE, premises considered, Secured Party prays that the Court grant it a hearing at the earliest possible date and that an appropriate Order be entered to provide relief from the bankruptcy stay applicable to the foregoing Collateral including the termination, modification and/or conditioning of the bankruptcy stay applicable to the property of the estate and the property of the Debtor pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2) so as to permit Secured Party to initiate appropriate recovery and collection procedures against the Collateral, that said Order be immediately enforceable upon entry thereof pursuant to Rule 4001(a)(3), and for such other and further relief as to which Secured Party may be entitled, including adequate protection pursuant to 11 U.S.C. §361.

THIS the 7th day of December, 2018.

                                                SPECIALIZED LOAN SERVICING, LLC

                                                By:    **/s/ Anthony R. Steele**
                                                       **Anthony R. Steele, #016303**

**Winchester, Sellers, Foster & Steele, P.C**
P.O. Box 2428
Knoxville, Tennessee 37901
Phone: (865) 637-1980
Facsimile: (865) 637-4489
Email:  Asteele@wsfs-law.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and accurate copy of the foregoing Motion, exhibits and proposed Order have been sent electronically to:

Elisabeth B. Donnovin, tn52@ecfcbis.com, Chapter 7 Trustee;
Mark T. Young, marky@marktyoung.com, Attorney for Debtor;

and by United States mail to the Debtor, Barbara Sue Armour Morgan, 607 South Saint Marks Avenue, Chattanooga, TN 37412, with sufficient postage thereupon to carry same to its destination, this the 7th day of December, 2018.

**Winchester, Sellers, Foster & Steele, P.C.**


**By:** _____/s/ Anthony R. Steele_____